# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

Electronically FILED by Superior Court of California, County of Riverside on 02/24/2023 12:41 PM

| | |
|---|---|
| **NOTICE TO DEFENDANT:** <br> *(AVISO AL DEMANDADO):* <br><br> Acrisure National Lender Services, LLC, Elevated Title, LLC, and DOES 1 through 30, inclusive <br><br> **YOU ARE BEING SUED BY PLAINTIFF:** <br> *(LO ESTÁ DEMANDANDO EL DEMANDANTE):* <br><br> Heather Wallace | **FOR COURT USE ONLY** <br> *(SOLO PARA USO DE LA CORTE)* |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> Southwest Justice Center <br> 30755-D Auld Road <br> Murrieta CA 92563 | **CASE NUMBER:** <br> *(Número del Caso):* <br><br> CVSW2301639 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Charles P. Boylston          909-825-9276
The Law Offices of Charles P. Boylston, APC; 41955 Fourth Street, Suite 300, Temecula, CA 92590

| DATE: <br> *(Fecha)*   02/24/23 | Clerk, by <br> *(Secretario)* | , Deputy <br> *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

     under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
               ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
               ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)

               ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

[SEAL] GC68150(g)

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 <br> www.courtinfo.ca.gov |

Electronically FILED by Superior Court of California, County of Riverside on 02/24/2023 12:41 PM
Case Number CVSW2301639 0000050078722 - Marita C. Ford, Interim Executive Officer/Clerk of the Court By Janice Randle, Clerk

Charles P. Boylston, SBN 204955
Amber S. Jones, SBN 317786
The Law Offices of Charles P. Boylston
41955b Fourth St., Suite 300
Temecula, CA 92590
(909) 825-9276
cboylston@boylstonlaw.com

Attorneys for PLAINTIFF, Heather Wallace

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
# FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| HEATHER WALLACE,<br><br>    PLAINTIFF,<br><br>  vs.<br><br>ACRISURE NATIONAL LENDER SERVICES, LLC, ELEVATED TITLE, LLC, AND DOES 1 THROUGH 30, inclusive,<br><br>    DEFENDANTS. | Case No.: CVSW2301639<br><br>COMPLAINT FOR DAMAGES FOR:<br><br>1. FAILURE TO PAY OVERTIME WAGES<br>2. FAILURE TO PAY MINIMUM WAGES<br>3. FAILURE TO PROVIDE MEAL AND REST BREAKS<br>4. FAILURE TO PROVIDE ACCURATE PAYSTUBS (CA. LABOR CODE §226(E));<br>5. WAITING TIME PENALTIES (CA. LABOR CODE §203)<br>6. RETALIATION IN VIOLATION OF CA. LABOR CODE §1102.5<br>7. UNLAWFUL DISCRIMINATION (AGE)<br>8. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY<br><br>**[JURY TRIAL REQUESTED]** |

- 1 -

**COMPLAINT FOR DAMAGES**

Plaintiff, Heather Wallace, alleges as follows:

**JURISDICTION, VENUE AND PARTIES**

1.      Plaintiff, Heather Wallace (hereinafter referred to as "PLAINTIFF") is and at all times relevant to this complaint a California resident, residing in Temecula, California and was formally an employee of Defendant Elevated Title, LLC.

2.      Defendant Elevated Title LLC, hereinafter referred to as "ELEVATED TITLE, LLC") was at all times relevant to this complaint a business entity holding itself out as an LLC, doing business throughout California, with employees, including PLAINTIFF residing in and performing services in California.

3.      Defendant, Acrisure National Lender Services, LLC, hereinafter referred to as "ACRISURE" holds itself out to be a Georgia Limited Liability company and Plaintiff is informed and believes that at all times relevant to this complaint, it is either the successor in interest to ELEVATED TITLE, LLC having acquired ELEVATED TITLE, LLC in its entirety or is the new name for ELEVATED TITLE, LLC.

4.      The true names and capacities of the defendants named herein as Does 1 through 30, inclusive, whether individual, corporate, associate, or otherwise, are unknown to PLAINTIFF, who therefore sues such defendants by fictitious names pursuant to Code of Civil Procedure § 474.

5.      PLAINTIFF is informed and believes, and thereon alleges, that each of the fictitiously named DEFENDANTS are responsible in the manner set forth herein, or some other manner, for the occurrences alleged herein, and that the damages as alleged herein were proximately caused by their conduct.

6.      PLAINTIFF is informed and believes, and thereon alleges, that each of the fictitiously named defendants is a California resident.  PLAINTIFF will amend this complaint to show the true names and capacities of each of the fictitiously named defendants when such names and capacities have been determined.   PLAINTIFF, therefore, designates such DEFENDANTS as DOES 1 – 30, inclusive, and sues them under those fictitious names.

///

7. To the extent that such corporate entities are responsible for all acts of its employees, agents, representatives, and principals as all alleged actions were done within the course and scope of their employment.

8. To the extent that such DOE defendants are individuals, PLAINTIFF sues them in that capacity and alleges that they took the actions for the benefit of themselves. PLAINTIFF will amend this complaint to state the manner in which each fictitious defendant is so responsible and will ask leave of Court to amend this complaint to show their respective true names and capacities when ascertained.

9. Throughout the remainder of this complaint, defendants ELEVATED TITLE, LLC, ACRISURE, and DOES 1 through 30, shall collectively be referred to as DEFENDANTS. PLAINTIFF alleges that each and every defendant, including all defendants designated as DOE were responsible directly or indirectly responsible for the events referred to therein and, in some manner, caused injuries to her as hereinafter alleged.

10. PLAINTIFFF alleges that each Defendant at all times relevant to the complaint were acting as authorized agents, representatives, and/or employees of the other defendants and are therefore responsible for the harms alleged herein.

11. In violating state and federal laws, and acting contrary to fundamental public policies set forth therein, DEFENDANTS and each of them did so with an intent to cause PLAINTIFF substantial emotional harm and/or with a complete reckless disregard for PLAINTIFF'S right so as to justify punitive damages pursuant to California Civil Code §3294.

12. In bringing this lawsuit PLAINTIFF will incur substantial costs and further shall seek to recover reasonable attorney fees pursuant to Labor Code §1192 as well as California Government Code Section 12940 at sec.

///
///
///
///
///

- 3 -

## EXHAUSTION

13.     Prior to the filing of this complaint, PLAINTIFF filed with the Department of Fair Employment and Housing, a request for a right to sue and did receive a right to sue pursuant to California Government Code Section 12965 at sec. Each of the claim set forth herein are directly related to the claims such that Plaintiff has exhausted all administrative remedies by law for purposes of pursuing this claim under California's Fair Employment and Housing Act.

## BACKGROUND

14.     PLAINTIFF began working for DEFENDANTS on September 8, 2021, as a scheduler.

15.     In January of 2022, PLAINTIFF was given the job title of Processor Assistant.

16.     Throughout PLAINTIFF'S employment, PLAINTIFF was paid at an hourly rate of $18.00 per hour with all of PLAINTIFF's work being done remotely.

17.     Throughout PLAINTIFF's employment, it was expected that she would be available from 7:00 AM to 4:00 PM. Most of the days, PLAINTIFF was required to work in excess of that time in order to finish the amount of work that was being provided to her. PLAINTIFF would also receive text messages, emails, and phone calls after hours that she had to address. These text messages, emails, and phone calls were provided by supervisors and managers such that at all times relevant to this complaint, DEFENDANTS was well aware that PLAINTIFF was forced to work hours for which she was not being compensated.  PLAINTIFF estimates that she was working throughout most days no less than twelve (12) hours each day, most of the days she worked for DEFENDANTS.

18.     PLAINTIFF was working under the direction and supervision of a woman by the name of Kristen Britton, who, to PLAINTIFF'S knowledge, was the Chief Executive Officer as well as under a manager by the name of Kraig Petroff. Both Ms. Britton and Mr. Petroff directed PLAINTIFF, as well as various coworkers, to complete all tasks before they could cease working for the day. Usually, in the same conversation when employees were directed to make sure all of their tasks were completed prior to being done with work for the day, each of the employees was specifically advised that ***they were not allowed to work overtime*** and if they still needed to

- 4 -

complete their work, but had already worked eight (8) hours that day, the employees were told expressly or implicitly to clock out and then to complete their work.  In other words, Ms. Briton and Mr. Petroff made it absolutely clear that the employees were expected to work off the clock, if necessary, in order to avoid overtime and to finish work.

19.     Throughout PLAINTIFF'S employment this practice of requiring employees to work off the clock without compensation was consistent. Any effort to secure lawful payment for the hours worked would result in retaliation, including substantial aggression on the part of PLAINTIFF'S managers and supervisors.

20.     During PLAINTIFF'S employment with DEFENDANTS, even though on occasion she would clock out for lunch, she was expected to be available and to continue working as necessary through her lunch in order to make sure all tasks were completed. PLAINTIFF was also rarely able to take a ten-minute break, despite the fact that she was regularly working nine-hour days.

21.     On occasion, when PLAINTIFF would try and take a break, there would be a cell phone call that she would have to answer, and the call would take a significant portion of her break time.

22.     PLAINTIFF estimates no less than twenty (20) hours per week where she was working in excess of eight hours per day and receiving no compensation.

23.     Eventually, PLAINTIFF began to complain to management about the unlawful employment practices set forth above, including PLAINTIFF and her peers being denied breaks and being forced to work off the clock.  When PLAINTIFF discussed issues regarding wage and hour problems at the workplace with her coworkers, PLAINTIFF was further retaliated against by management. Management expressed this disapproval and began treating her in a harsher manner.

///
///
///
///

- 5 -

24.     On or about July or early August of 2022, PLAINTIFF could not afford to be working without being paid for all hours worked. PLAINTIFF made it absolutely clear that she would no longer modify her timecard to eliminate overtime. By this time, PLAINTIFF started demanding that she be paid all overtime owed. She began reporting this to the payroll company and continued to complain about the unlawful practices done to her as well as to her peers.

25.     Shortly after PLAINTIFF complained about not being paid for hours worked, and refusing to work overtime without receiving compensation, PLAINTIFF's employment with DEFENDANTS was terminated. DEFENDANTS alleged that the termination of PLAINTIFF'S employment was necessary as a result of reduction of force, however, PLAINTIFF was the only employee let go, and shortly thereafter, there were younger employees, who had not blown the whistle, and were rehired back into the company to do PLAINTIFF'S job. Furthermore, PLAINTIFF trained the younger employees when they were rehired, and her employment was terminated once the training was complete.

26.     PLAINTIFF was also treated differently based on her age. PLAINTIFF alleges that she was replaced by younger employees when her employment was terminated because of her whistleblowing and refusal to work without being compensated.

27.     In addition to the foregoing, PLAINTIFF alleges that during her employment she attempted to use her sick leave as required by law, but DEFENDANTS refused to allow her to use sick leave.

28.     As of the preparation of this complaint, it has been more than thirty (30) days since PLAINTIFF has demanded payment of wages due and owing. DEFENDANTS refuses to pay those wages.

///

///

///

///

///

///

- 6 -

29.     As a direct and proximate result of DEFENDANTS' unlawful conduct, PLAINTIFF has been harmed in that PLAINTIFF has been through substantial stress and anxiety arising out of the unlawful conduct from DEFENDANTS, including but not limited to the treatment PLAINTIFF was subjected to as a result of her age, and the termination of PLAINTIFF'S employment as a result of her opposing the practices that were unlawful, and making disclosures to her employer about the conduct that she reasonably perceived to be unlawful.

30.     As a direct and proximate result of DEFENDANTS' unlawful conduct, PLAINTIFF has further suffered damages by losing wages all in the amount subject to proof at trial.

31.     In terminating PLAINTIFF'S employment, it is believed that DEFENDANTS, in particular, the managers, were motivated by PLAINTIFF'S protected actions and her opposition to the unlawful practices of DEFENDANTS including, but not limited to the refusal to pay employees for wages that were owed. When PLAINTIFF refused to be quiet about the unlawful practices, PLAINTIFF alleges that, Ms. Britton and other managers, for purposes of intimidating PLAINTIFF and to punish PLAINTIFF for making such disclosures or otherwise to force her to stop opposing the unlawful practices, terminated PLAINTIFF's employment. It is, therefore, alleged by PLAINTIFF that DEFENDANTS, through their executives of the organization, acted with the intention of causing PLAINTIFF substantial emotional and financial harm and as such, PLAINTIFF shall seek to recover punitive damages pursuant to Ca. Civil Code §3294.

///
///
///
///
///
///
///
///

**COMPLAINT FOR DAMAGES**

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME WAGES**

**(AGAINST DEFENDANTS and DOES 1 through 30)**

32.     PLAINTIFF incorporates herein by reference paragraphs 1 through 31, above as though fully set forth herein below.

33.     During PLAINTIFF'S employment she regularly worked hours in excess of eight (8) hours per day for which PLAINTIFF did not receive a premium rate of pay as required by Ca. Labor Code §510. PLAINTIFF alleges that she worked for no less than ten (20) hours per week of overtime for which PLAINTIFF received no compensation.

34.     PLAINTIFF's rate of pay during her employment was $18.00 per hour.

35.     PLAINTIFF alleges that she has been denied overtime wages in the estimated amount of no less than $28,000.00 in unpaid overtime wages.

36.     In bringing this action, PLAINTIFF has had to hire an attorney and shall seek to recover reasonable attorney fees pursuant Ca. Labor Code §1194.

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGES**

**(AGAINST DEFENDANTS and DOES 1 through 30)**

37.     PLAINTIFF incorporates herein by reference paragraphs 1 through 31, above as though fully set forth herein below.

38.     At all times relevant to the complaint DEFENDANTS employed PLAINTIFF and her peers and forced them to work "off the clock" and, therefore, refused to pay them for any hours worked in excess of eight (8) hours in a day.

39.     As a direct result of the foregoing, there were numerous hours worked by PLAINTIFF which the employer knew about, and yet PLAINTIFF was not paid minimum wage as required under Ca. Labor Code §1194.2.

///

///

///

- 8 -

40.     At all times relevant to the complaint, DEFENDANTS were aware that PLAINTIFF was working without being properly compensated a minimum wage for those hours and as a direct result, PLAINTIFF has been further harmed and will seek to recover, under Ca. Labor Code §1194.2, liquidated damages in the amount of no less than $8,610.00.

41.     In seeking to enforce PLAINTIFF'S rights to receive minimum wages, PLAINTIFF has incurred or shall incur costs and attorney fees and shall seek to recover any and all such costs for reasonable attorney fees as permitted by law pursuant to California Labor Code §§1109 and 1194.

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL AND REST BREAKS

### (AGAINST DEFENDANTS AND DOES 1 THROUGH 30)

42.     PLAINTIFF incorporates herein by reference paragraphs 1 through 31, above as though fully set forth herein below.

43.     At the time PLAINTIFF was an employee of DEFENDANTS, PLAINTIFF worked, usually more than ten (10) hours per day which she should have received two (2) meal breaks and no less than two (2) ten-minute breaks.

44.     PLAINTIFF would be required to clock out for lunch, but regularly worked through her lunch in hopes to avoid having to stay past her scheduled 4:00 p.m. PLAINTIFF rarely even took her legally required 10-minute breaks. In one instance, she was tracked down on her cell phone while taking a break.

45.     At no point, would PLAINTIFF actually be relieved of duty even though she was a remote employee. PLAINTIFF was required and worked with the company's knowledge during her lunch break, turning her lunch break to an "on duty" break which was necessarily compensable.

46.     Pursuant to California Labor Code §512, an employee who is working five (5) hours, is entitled to take a half-hour meal break sometime before completion of the fifth hour. If an employee is working more than ten (10) hours, that employee is entitled to a second lunch break. Failure to provide these meal breaks will entitle the employee to an additional hour's

compensation. Similarly, failure to provide a ten-minute paid break will entitle the employee to an additional hour's compensation.

47.     PLAINTIFF estimates, that on a regular basis, she was not provided a rest period at least five (5) times per week. She further estimates that she was not provided at least one of the required uninterrupted meal period 5 times per week.

48.     Pursuant to California Labor Code §512, PLAINTIFF alleges, therefore, that she is entitled to an additional $5,166.00 for meal period and rest break violations.

## FOURTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE PAYSTUBS (CAL. LABOR CODE §225(E))

### (AGAINST DEFENDANTS and DOES 1 through 30)

49.     PLAINTIFF incorporates by reference paragraphs 1 through 31 above, as though fully set forth herein.

50.     DEFENDANTS knew that PLAINTIFF was, in fact, working more hours than what she was being paid for. The paystubs provided by DEFENDANTS did not identify the actual hours worked or show an accurate report of the hours worked. Even when PLAINTIFF submitted her hours by timecards showing the number of overtime hours worked, DEFENDANTS would make PLAINIFF and other employees modify those timecards and further, would provide PLAINTIFF inaccurate paystubs.

51.     Therefore, PLAINTIFF shall seek to recover, pursuant to Ca. Labor Code §226, penalties in the amount of no less than $5,250.00 for the multiple pay periods wherein PLAINTIFF was denied an accurate paystub.

## FIFTH CAUSE OF ACTION

## WAITING TIME PENALTIES (CA. LABOR CODE §203)

### (AGAINST DEFENDANTS and DOES 1 through 30)

52.     PLAINTIFF incorporates herein by reference the allegations set forth in paragraphs 1 through 31.

53.     As set forth above and incorporated herein by reference and at all times relevant to the complaint, PLAINTIFF was owed wages by DEFENDANTS.

54.     In or about September of 2022, PLAINTIFF'S employment was terminated unlawfully as noted below. At the time of termination, PLAINTIFF was still owed all of the minimum wages and premium pay for missed meal periods or breaks, and the overtime wages set forth above. DEFENDANTS should have known that these amounts were owed to PLAINTIFF.

55.     Based on the foregoing, PLAINTIFF shall seek to recover $4,320.00 pursuant to Ca. Labor Code §203 in waiting time penalties.

56.     PLAINITFF shall also seek to recover attorney fees pursuant to Ca. Labor Code §1194.

## SIXTH CAUSE OF ACTION

## RETALIATION VIOLATION OF CA. LABOR CODE §1102.5

### (AGAINST DEFENDANTS and DOES 1 through 30)

57.     PLAINTIFF incorporates herein by reference the allegations set forth in paragraphs 1 through 31 above.

58.     In or about July or August of 2022, PLAINTIFF did oppose and disclose to her employer, unlawful practices, specifically the refusal on the part of DEFENDANTS to pay PLAINTIFF and her peers for all hours worked at a minimum wage for all overtime as was required by law.

59.     PLAINTIFF also refused to modify her timecard, or otherwise work without getting paid for wages due and owing.

60.     At the time PLAINTIFF made these disclosures to DEFENDANTS, she reasonably believed that she was disclosing conduct that was unlawful in nature. DEFENDANTS were upset by PLAINITFF's disclosure of this and told PLAINTIFF that she had to finish her tasks and was not permitted to submit timesheets or records demonstrating that she was working overtime. PLAINTIFF refused to allow herself to be taken advantage of and her employment was terminated.

///

///

///

- 11 -

61.     In terminating her employment, PLAINTIFF alleges that DEFENDANTS were substantially motivated by her refusal to participate in unlawful practices such as working "off the clock" and further was substantially motivated by her disclosure of unlawful practices by DEFENDANTS.

62.     As a direct and proximate result of DEFENDANTS' unlawful conduct, PLAINTIFF has been harmed and has suffered substantial anxiety, stress, and depression, including other emotional and physical injuries all in the amount subject to proof at the time of trial.

63.     As a direct and proximate result of DEFENDANT'S conduct, PLAINITFF has been further harmed by her ability to gain future wages and PLAINTIFF reasonably estimates it will take three years to replace her income.

64.     PLAINTIFF shall further seek to recover penalties pursuant to Ca. Labor Code §102.5 of $10,000.00 or more as permitted by statutes.

65.     For violation of Ca. Labor Code §1102.5, PLAINTIFF shall further seek to recover reasonable attorney fees as permitted by statute.

66.     In terminating PLAINTIFF's employment, in order to punish her for her disclosure of the unlawful practices as noted throughout this complaint, DEFENDANTS acted in a manner intended to provide PLAINTIFF harm, and as such DEFENDANTS acted with necessary malice to support and award punitive damages pursuant to Ca. Civil Code §3294.

## SEVENTH CAUSE OF ACTION

## UNLAWFUL DISCRIMINATION (AGE)

### (AGAINST DEFENDANTS and DOES 1 through 30)

67.     PLAINTIFF incorporates herein by reference paragraphs 1 through 31 above as though fully set forth herein below.

///

///

///

///

- 12 -

68.     At the time that PLAINITFF'S employment was terminated, PLAINTIFF was over the age of forty (40).

69.     PLAINTIFF'S employment was terminated under the pretext of a reduction in force. Within weeks of PLAINTIFF'S termination, she was replaced by a younger and less experienced employee.

70.     At all times relevant to this complaint, PLAINTIFF was performing her job above and beyond any requirements.

71.     There was no legitimate reason for the termination of PLAINTIFF'S employment. PLAINTIFF alleges, at all times relevant to the complaint, that DEFENDANTS were substantially motivated to terminate PLAINTIFF'S employment based upon PLAINTIFF'S age (over 40 years of age), as well as PLAINTIFF'S disclosure of unlawful conduct as set forth above.

72.     In violating state and federal laws and acting contrary to fundamental public policies set forth therein, DEFENDANTS did so with an intent to cause PLAINTIFF substantial emotional harm and/or with a complete reckless disregard for PLAINTIFF'S rights so as to justify punitive damages pursuant to California Civil Code §3294.

## EIGHTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (AGAINST DEFENDANTS AND DOES 1 THROUGH 30)

73.     PLAINTIFF incorporates herein by reference paragraphs 1 through 31, above as though fully set forth herein below.

74.     PLAINTIFF was terminated from her position with DEFENDANTS in or about September of 2022.

75.     At all times relevant to this complaint, California has had established fundamental public policies against employers discriminating against employees based on race and further retaliating against an employee based upon reports of unlawful conduct or perceived unlawful conduct.

///

- 13 -

76.     PLAINTIFF also has the emotional harms associated with having her employment terminated because she spoke out for herself and others, refused to allow her employer to violate the law in regard to her wages, and due to her age.

77.     In complaining about not receiving wages lawfully owed to her, PLAINTIFF was disclosing to her employer a violation of law on the part of her employer in failing to pay the employee all of the wages due and owing to that employee under California Labor Code as further set forth above and incorporated herein by reference.

78.     PLAINTIFF, therefore, alleges that her employment was terminated for her disclosure of and opposition to unlawful conduct or conduct she reasonably perceived to be unlawful at the time. PLAINTIFF's termination of employment, therefore, was in violation of California Labor Code §1102.5.

79.     At all times relevant to this complaint, California has had established fundamental public policies against employers discriminating against employees based on age and further retaliating against an employee based upon reports of unlawful conduct or perceived unlawful conduct.

80.     PLAINTIFF now faces the difficult task of securing further employment. As an older worker, the likelihood of securing employment anytime soon, is significantly decreased.

81.     As a direct result of the unlawful termination, PLAINTIFF has lost past and future income. As of the preparation of this complaint PLAINTIFF has lost approximately $18,720.00 in past wages and projected future loss of income based on a five-year estimate to replace that income is no less than $187,200.00.

82.     PLAINTIFF alleges that, as a direct and proximate result of the unlawful conduct set forth herein, PLAINTIFF was harmed in that PLAINTIFF has lost substantial sums of income, and has suffered severe emotional distress, anxiety, depression, humiliation, mental and physical anguish all in an amount subject to prove at the time of trial.

83.     PLAINTIFF further alleges that she has incurred fees and costs as a result of DEFENDANTS' unlawful acts and shall seek recover of reasonable attorney fees as permitted under law.

**COMPLAINT FOR DAMAGES**

### **PRAYER FOR RELIEF**

Wherefore, as to each of PLAINTIFF's causes of action, PLAINTIFF prays that judgment be entered in her favor and against DEFENDANTS, jointly and severally as follows:

        1.      For Special Damages and Compensatory damages;

        2.      For Punitive Damages pursuant to Ca. Civil Code §3294;

        3.      For waiting time penalties;

        4.      For costs;

        5.      For Reasonable Attorney fees;

        6.      For interest on any judgment;

        7.      For all other penalties as permitted by law; and

        8.      Any and all other relief permitted by Statute or otherwise determined to be proper by this court.

Dated: February 24, 2023         The Law Offices of Charles P. Boylston, APC

Charles P. Boylston, Esq.,
Amber S. Jones, Esq., Attorneys for PLAINTIFF,
Heather Wallace

**COMPLAINT FOR DAMAGES**

## **DEMAND FOR JURY TRIAL**

Plaintiff, Heather Wallace herein demands a jury trial as to her complaint filed concurrently herewith, in particular the complaint for damages by Heather Wallace against Acrisure National Lender Services, LLC, Elevated Title, LLC, and DOES 1 through 30.

Dated: February 24, 2023                    The Law Offices of Charles P. Boylston, APC

Charles P. Boylston, Esq.,
Amber S. Jones, Esq., Attorneys for PLAINTIFF,
Heather Wallace

**COMPLAINT FOR DAMAGES**